UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                   :

M.S.G.,                                               :

                            :

                 Plaintiff,       :

                            :                23-CV-9859 (JMF)

        -v-                       :

                            :                  NOTICE OF

DAVID L. NEAL et al.,                :              <u>CONFERENCE</u>

                            :

                 Defendants.    :

                            :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       It is hereby ORDERED that counsel for all parties appear for an **in-person** conference
with the Court on **November 15, 2023** at **2:00 p.m.** in **Courtroom 1105** of the Thurgood
Marshall Courthouse, 40 Centre Street, New York, NY.  Counsel must confer in advance of the
conference and submit a joint letter, no later than **two business days prior to the conference,**
indicating whether the conference is necessary and addressing how the Court should handle this
case.  If counsel do not believe a conference is required, and that briefing is appropriate, counsel
should propose a briefing schedule (expedited or otherwise) in the joint letter.

       Counsel should address in the letter — and be prepared to address at the conference, if it
is held — whether the Complaint should be treated as a petition for the writ of habeas corpus
pursuant to 28 U.S. Code § 2241.  *See, e.g.*, *Manning v. United States Dep't of Just.*, No. 22-CV-
1367 (JPC), 2023 WL 2118083, at *1 (S.D.N.Y. Feb. 17, 2023) (citing cases for the proposition
that where a party seeks relief based on the fact or duration of confinement, the sole federal
remedy is the writ of habeas corpus).  Further, counsel should be prepared to address whether
jurisdiction and venue are proper in the Southern District given that Plaintiff is currently in
custody in Krome North Service Processing Center in Miami, Florida, ECF No. 1, ¶ 15, and
there is no allegation in the Complaint that Plaintiff was present in this District on the date of
filing, *see Singh v. Holder*, No. 12-CV-4731 (JMF), 2012 WL 5878677 (S.D.N.Y. Nov. 21,
2012) (holding that the "immediate custodian" rule generally applies to habeas proceedings
challenging the lawfulness of immigration detention pending removal); *compare also, e.g.*,
*Golding v. Sessions*, No. 18-CV-3036 (RJS), 2018 WL 6444400, at *3 (S.D.N.Y. Dec. 6, 2018)
("[E]ven if the Attorney General or an ICE employee is in some way ultimately responsible for
Petitioner's detention, the person with day-to-day control over Petitioner (at the time of filing)
was the warden of the Bergen County Jail. Consequently, the warden of the Bergen County Jail
is the proper respondent here."), *with Calderon v. Sessions*, No. 18-CV-5222 (PAC), 2018 WL
3584704, at *2 (S.D.N.Y. July 24, 2018) ("[W]hen a facility detains a petitioner pursuant to a
service agreement with a governmental agency, proper respondents to a habeas petition are, as
here, the governmental agency and its supervisory officials (*i.e.*, legal custodians)."), *and
Calderon v. Sessions*, 330 F. Supp. 3d 944, 951-54 (S.D.N.Y. 2018) (full opinion).

All counsel are required to register promptly as filing users on ECF.  **All counsel must familiarize themselves with the Court's Individual Rules, which are available at http:// nysd.uscourts.gov/judge/Furman.**  Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd. uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**No later than November 9, 2023, Plaintiff's counsel is directed (1) to serve Defendants with a copy of the Complaint and accompanying papers, along with a copy of this Order, by overnight mail, and (2) to promptly file proof of such service on the docket.** Counsel for Defendants shall promptly enter notices of appearance.

SO ORDERED.

Dated: November 8, 2023
      New York, New York

                            JESSE M. FURMAN
                            United States District Judge