UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.S.G.,

Plaintiff,

-against-

DAVID L. NEAL, *et al.*,

Defendants.

No. 23 Civ. 9859 (JMF)

**STIPULATION AND ORDER**

WHEREAS, plaintiff M.S.G., a noncitizen in removal proceedings, brought this action seeking, among other things, an order from this Court requiring that he be given a bond hearing at which U.S. Immigration and Customs Enforcement ("ICE") would bear the burden of demonstrating by clear and convincing evidence that he presents either a future danger to the community or a risk of flight that cannot be sufficiently mitigated by an alternative or reasonable bond;

WHEREAS, on November 10, 2021, ICE arrested M.S.G. for the purpose of commencing removal proceedings against him, and detained him under the discretionary detention statute, 8 U.S.C. § 1226(a);

WHEREAS, on April 25, 2022, an immigration judge denied M.S.G.'s applications for relief and ordered him removed, and M.S.G. timely appealed that decision to the Board of Immigration Appeals ("BIA");

WHEREAS, on June 30, 2022, while his merits appeal was pending, M.S.G. received a bond hearing before an immigration judge under 8 U.S.C. § 1226(a)—at which M.S.G. bore the burden of demonstrating that he did not present a danger to the community or a flight risk—and at the conclusion of the hearing the immigration judge denied M.S.G.'s request for release;

WHEREAS, on January 6, 2023, the BIA dismissed M.S.G.'s appeal of the immigration judge's bond decision and of his removal order, which rendered his removal order administratively final and his detention subject to 28 U.S.C. § 1231(a);

WHEREAS, on January 11, 2023, M.S.G. filed a petition for review of his removal order in the U.S. Court of Appeals for the Second Circuit, which remains pending;

WHEREAS, on January 12, 2023, M.S.G. filed a motion for a stay of removal with the U.S. Court of Appeals for the Second Circuit;

WHEREAS, on November 7, 2023, M.S.G. filed this action seeking an order from this Court requiring that he be given a new bond hearing with certain criteria, arguing, *inter alia*, that his detention violates due process because he has not been provided a bond hearing at which the government bears the burden of demonstrating by clear and convincing evidence presents either a future danger to the community or a risk of flight that cannot be sufficiently mitigated by an alternative or reasonable bond, and that he is entitled to such a hearing under *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020);

WHEREAS, on November 17, 2023, the U.S. Court of Appeals for the Second Circuit issued a stay of M.S.G.'s removal, bringing his detention back within the scope of 8 U.S.C. § 1226(a);

WHEREAS, based on the specific facts and circumstances of this case, and without conceding the merits of this case, including whether it is appropriate to secure the requested relief in the context of an action under the Administrative Procedure Act and whether *Velasco Lopez* imposes any free-standing obligation on immigration judges to hold burden-shifted bond hearings for non-citizens detained under 8 U.S.C. § 1226(a), and without waiver or prejudice to the government's ability to defend its detention authority in other similar or dissimilar cases, and in

the interest of preserving party and judicial resources and expediting the resolution of this case, the government has agreed to provide M.S.G. with a new bond hearing; therefore

IT IS HEREBY STIPULATED AND AGREED by and between the parties, that:

1. This action shall be and hereby is dismissed without prejudice and without costs or attorney's fees to either party.

2. The government shall, within 10 days of the date of the entry of the Court's so-ordering of this stipulation on the docket, provide M.S.G. with an individualized bond hearing before an immigration judge at which the government bears the burden of establishing, by clear and convincing evidence, that he poses a danger to the community or a flight risk that cannot be mitigated by reasonable conditions of supervision or monetary bond. At that hearing, the immigration judge must consider alternative conditions of release with respect to both dangerousness and risk of flight. If the immigration judge sets a monetary bond, he or she must consider M.S.G.'s ability to pay in determining the appropriate bond amount.

3. The government shall provide counsel for Plaintiff with 3 business days' notice of the bond hearing date.

4. The government has agreed to take this action based on the specific facts and circumstances presented in this matter, and nothing in this stipulation shall be construed as an admission of liability or wrongdoing by the government, or a concession of rights or arguments by the government or by the Plaintiff; nor shall it be construed to require the government to provide additional bond hearings to any other noncitizen in similar or dissimilar circumstances, and this agreement shall in no way be used to undermine the government's litigation position in any other case.

Dated: November 22, 2023
New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: ______________________
DANIELLE J. MARRYSHOW
ANTHONY J. SUN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2689/2810
E-mail: danielle.marryshow@usdoj.gov
anthony.sun@usdoj.gov

Dated: November 27, 2023
New York, New York

THE LEGAL AID SOCIETY
*Attorneys for Plaintiff*

By: ______________________
KYLE BARRON
JULIE DONA
49 Thomas Street, 5th Floor
New York, New York 10013
Tel.: (646) 574-2761/(646) 988-1425
E-mail: kebarron@legal-aid.org
jdona@legal-aid.org

SO ORDERED:

______________________
Hon. Jesse M. Furman
United States District Judge